FILED JUL 16 2019
CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON NEABORS,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES LLC, et al.,<br><br>        Defendants. | Case No.: 3:18-cv-0454-BEN-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br>**[Doc. 10]** |

Defendant Equifax Information Services LLC moves under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. The motion is **GRANTED**.

## BACKGROUND

Plaintiff Don Neabors brings two claims against Defendant Equifax for its alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Specifically, Neabors brings claims for (1) Equifax's negligent failure to conduct a reasonable reinvestigation, as required by 15 U.S.C. §§ 1681i and 1681e(b) and (2) for Equifax's willful violation of §§ 1681i and 1681e(b).[1]

Neabors's claims against Equifax arise out of his tradeline with Navy Federal Credit Union, which was discharged in bankruptcy on January 8, 2013. In October of 2017,

---

[1] Neabors also brought claims against Defendant Navy Federal Credit Union. Those claims were dismissed, however, when the Court granted the parties' joint motion to dismiss Navy Federal. [Doc. 12.]

1

3:18-cv-0454-BEN-KSC

Neabors obtained his Equifax credit file. Neabors pleads that the credit file "inaccurately failed to report that the account was discharged." [Doc. 1, ¶¶ 6-7.] As reflected in the October 2017 credit file attached to Equifax's motion, the file listed Neabors's Navy Federal tradeline account status as "Closed" with a payment status of "Included in Bankruptcy" and blanks for the balance, amount past due, and other fields.[2] *See* [Doc. 10-2 (October 2017 Credit File)].

On November 28, 2017, Neabors submitted a letter to Equifax disputing the Navy Federal tradeline listing and explaining that the tradeline was discharged in bankruptcy. On February 6, 2018, Neabors again obtained his Equifax credit file, which still did not report the Navy Federal tradeline as "discharged." Instead, the report reflected the same information as before, including a "Closed" designation and a payment status of "Included in Bankruptcy."

## DISCUSSION

Equifax argues judgment on the pleadings is warranted because Neabors cannot state a prima facie case for either of his FCRA claims. The Court agrees. Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In evaluating Equifax's Rule 12(c) motion, the Court applies the same standard as on a motion to dismiss under Rule 12(b)(6). *See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055, n. 4 (9th Cir. 2011) ("Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule.") (internal citations omitted)). Thus, in reviewing the motion, the Court must accept the Complaint's

---

[2] Equifax requests that the Court take judicial notice of the October 2017 and December 2017 credit files referenced in Neabors's Complaint. Neabors does not object. Accordingly, judicial notice is GRANTED. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that courts may take judicial notice of documents referenced in the Complaint "if no party questions their authenticity and the complaint relies on those documents").

2

allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). To avoid dismissal, Neabors's Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To state a claim under both §§ 1681e(b) and 1681i, Neabors must plead that Equifax's credit reports about him contained a factual inaccuracy. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (concluding that for a plaintiff to state a claim under § 1681i, the plaintiff must allege an actual inaccuracy). Under the FCRA, a credit entry is "inaccurate" where "it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

In support of its motion, Equifax contends that Neabors's claims must fail as a matter of law because he has not and cannot plead that Equifax's reports contained any such factual inaccuracy. Equifax further argues that nothing in its reports is inaccurate or misleading because they correctly reflect that Neabors's Navy Federal tradeline was "Included in Bankruptcy" and designate the account as "Closed" with no identified balances or past due amounts.

Neabors responds that a factual inaccuracy exists because Equifax's report must specifically provide "discharged in bankruptcy," and Equifax's use of "Included in Bankruptcy," instead, could be understood to mean the bankruptcy is "still pending" and that no discharge has been granted. The Court disagrees. First, Neabors offers no authority showing its preferred phrase, "discharged in bankruptcy," is required by the FCRA. Further, the Court finds implausible Neabors's unsupported assertion that creditors would view "Included in Bankruptcy" to mean the bankruptcy was anything but discharged,

3

particularly when reviewed within the context of the report's other information, including designating the tradeline's status as "Closed" and including only blanks for the balance, amount past due, and other fields. Indeed, other courts to consider arguments like Neabors's have rejected them, finding instead that the "Included in Bankruptcy" verbiage complies with the FCRA by sufficiently communicating that a credit line was discharged by bankruptcy. *See, e.g., Fleming v. Trans Union, LLC*, 2019 WL 2498940, *3 (C.D. Cal. March 8, 2019) (finding plaintiff failed to state a claim under §§ 1681e(b) and 1681i where defendant's credit reports used the phrase "included in bankruptcy" rather than "discharged in bankruptcy"); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646 (S.D. Ala. 2007) (concluding that an "included in bankruptcy" notation on the plaintiff's account was not misleading and was accurate); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 793-94 (M.D. Tenn. 2018) (finding not misleading or inaccurate the credit report's "included in bankruptcy" notation accompanied by a $0 account balance and "account closed by credit grantor" designation); *see also White v. Experian Info. Sols., Inc.*, 8:05-cv-0170-DOC-MLG, Doc. 338 (C.D Cal. Aug. 19, 2008) (approving FCRA settlement agreement under which tradelines would be coded "to indicate that the account is discharged in the Consumer's Chapter 7 bankruptcy (e.g., by use of the terminology '*included in bankruptcy*') and . . . [by] reflect[ing] a zero-dollar or blank account balance and past due balance") (emphasis added).

Accordingly, the Court finds that Equifax's designation of "Included in Bankruptcy" coupled with the tradeline's status as "Closed" and the blanks for the balance, amount past due, and other fields reflects factually accurate information, which is neither "patently false" nor "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Gorman*, 584 F.3d at 1163. Because Neabors cannot allege Equifax's reports contained the requisite factual inaccuracy, his claims must fail.[3]

---

[3] Because the Court finds that Neabors's claims fail on this ground, it need not address Equifax's additional arguments in support of its motion.

4

Moreover, the Court finds that granting Neabors leave to amend would be futile because the requisite factual inaccuracy does not exist. *See* Fed. R. Civ. P. 15(a) (providing that the district court may exercise its discretion to deny leave to amend due to futility of amendment, among other grounds); *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (affirming district court's holding that amendment would be futile because plaintiff's claims were "clearly foreclosed by the inaccuracy requirement of § 1681i"). Accordingly, Neabors's claims are DISMISSED with prejudice.

## CONCLUSION

For the previous reasons, Equifax's motion is **GRANTED**, and Neabors's remaining claims against it are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Date: July 15, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge